J. Q. ADAMS, *Appellant*, v. JOHN D. HOBBS, *et al.*, *Appellees*.

Where an execution is issued by the County Judge on a judgment rendered by the County Judge as such in an ordinary action in assumpsit, when there is a county court in the county, and such execution is levied upon real estate, the judgment on which the execution issued being void, and the remedy at law inadequate, equitable relief may be had against the levy of the execution on lands.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*McMullen & McMullen,* for Appellant;

*Parkhill & Jackson,* for Appellees.

WHITFIELD, C. J.—The bill of complaint herein alleges in effect that J. Q. Adams, a resident of Polk county, owns certain land in Hillsborough county, Florida; that at sometime in the year 1910, J. D. Hobbs, A. J. Knight and L. E. Knight, partners as Hobbs & Knight, brought an action against Adams in the County Judge's Court of Hillsborough County; that no affidivit that the suit was brought in good faith and with no intention to annoy the defendant was filed with the precipe in the cause; that the summons *ad res.* in the cause was served on Adams in Polk County; that judgment by default and final judgment against Adams were rendered in the cause by the County Judge's Court; that a transcript of the judgment was filed and recorded by the Clerk of the Circuit Court in the Foreign Judgment Records of the county; that execution issued thereon and was levied on the lands of

Adams; that the lands were sold under the execution and a conveyance thereof made by the Sheriff to the purchaser at the execution sale and that several subsequent conveyances of the land were made. A cancellation of the transcript of the judgment of the County Judge's Court and the conveyances as a cloud upon the title to the land was prayed upon the theory that the judgment of the County Judge's Court is void. A demurrer to the bill of complaint was sustained, and the complainant appealed.

In the case of Garcia v. Pardo, decided at this term, it was held that upon the establishment of a County Court in Hillsborough County the trial jurisdiction of the County Judge of the county as such in ordinary civil actions at law ceases and no longer exists, and that while a county court exists in the county a judgment in an ordinary civil action at law rendered by the county judge as such is void.

A county court in Hillsborough county was organized by Chapter 5987 Acts of 1909, which by its terms took effect upon its approval by the Governor, May 5, 1909. The action, in which the judgment here sought to be cancelled was rendered, was begun in the year 1910. At that time the trial jurisdiction of the county judge as such in ordinary civil actions at law was suspended and the judgment rendered was unauthorized. As the execution was levied upon land and a sale and conveyance of the land was made under the execution, the remedy at law is not adequate, therefore equitable relief is proper.

The order appealed from is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.